UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

July 10, 2018

Mark B. Frost & Associates
Ryan Lockman, Esq.
1515 Market Street, Suite 1300
Philadelphia, PA 19102-1929
*Counsel for Plaintiff*

Brach Eichler L.L.C.
Eric Magnelli, Esq.
1010 Eisenhower Parkway
Roseland, NJ 07068
*Counsel for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: **Goldrich v. City of Jersey City, et al.**
**Civil Action No. 15-885 (SDW) (LDW)**

Counsel:

Before this Court is Plaintiff David Goldrich's ("Plaintiff") Motion to Reopen Discovery and for Reconsideration of this Court's December 8, 2017 Order ("December 8th Order"), which granted in part and denied in part Defendants City of Jersey City, Steven Fulop, James Shea, Philip Zacche, and Joseph Connors' (collectively, "Defendants") Joint Motion for Summary Judgment. The instant motion is brought pursuant to Federal Rules of Civil Procedure ("Rule") 16(b)(4) and 60. This Court has jurisdiction over this action pursuant to 28 U.S.C §§ 1331, 1343(a)(3), and 1367. Venue is proper pursuant to 28 U.S.C. § 1391. This motion is decided without oral argument pursuant to Rule 78. For the reasons discussed below, Plaintiff's Motion to Reopen Discovery and for Reconsideration is **DENIED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

This Court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will summarize only those facts relevant to the instant motion.

On January 5, 2018, Defendant Philip Zacche ("Zacche") entered a guilty plea in connection with compensation he received from the Jersey City Housing Authority ("JCHA") for off-duty work that he did not perform. (Plea Agreement, Ex. D, ECF No. 152-2;[1] *see also* Information, Ex. C ¶¶ 2(C)-4, ECF No. 152-2; *see also* Min. Entry, *United States v. Zacche*, No. 18-cr-4 (D.N.J. Jan. 5, 2018), ECF No. 4.) The charges included "embezzling, stealing, obtaining by fraud, misapplying, and without authority knowingly converting to the use of other persons other than the rightful owner $5,000 and more owned by, and under the care, custody and control of, the [JCHA.]" (Plea Agreement at 2.)

Based on Zacche's guilty plea and Defendant Steven Fulop's ("Fulop") subsequent statements to news outlets[2], Plaintiff filed this motion to reopen discovery, to modify and/or reconsider the December 8th Order as it relates to his Conscientious Employee Protection Act ("CEPA") claim (Count III), and for sanctions.[3] (ECF No. 152.) Defendants opposed the motion on March 19, 2018, and Plaintiff replied on April 2, 2018. (ECF Nos. 154, 158.)

## II. STANDARD OF REVIEW

Pursuant to Rule 16, a district court has "broad discretion to control and manage discovery." *Cevdet Aksut Ogullari Koll, STI v. Cavusoglu*, No. 14-3362, 2017 WL 3013257, at *4 (D.N.J. July 14, 2017) (first citing *Newton v. A.C. & Sons, Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990); then citing *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982)). Scheduling orders may only be modified to reopen discovery for "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also J.G. v. C.M.*, No. 11-2887, 2014 WL 1652793, at *1 (D.N.J. Apr. 23, 2014). "The good cause standard is 'not a low threshold.'" *Cavusoglu*, 2017 WL 3013257, at *4 (quoting *J.G.*, 2014 WL 1652793, at *1). In evaluating whether discovery should be reopened, courts have considered "(1) the good faith and diligence of the moving party, (2) the importance of the evidence, (3) the logistical burdens and benefits of re-opening discovery, [and] (4) prejudice to the nonmoving party." *J.G.*, 2014 WL 1652793, at *2. "[P]ermitting discovery extensions in the absence of good cause would 'deprive the trial judges of the ability to effectively manage the cases on their overcrowded dockets.'" *Cavusoglu*, 2017 WL 3013257, at *4 (quoting *Koplove v. Ford Motor Corp.*, 795 F.2d 15, 18 (3d Cir. 1986)).

Upon a "motion and just terms, [a] court may relieve a party . . . from a final judgment, [or] order," based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time for a new trial under Rule 59(b)[.]" Fed. R. Civ. P. 60(b)(2). "[D]ue to the overriding interest in the finality and repose of judgments, a Rule 60(b) motion is considered extraordinary relief which should be granted only where extraordinary justifying circumstances

---

[1] Zacche's plea agreement was signed on August 19, 2017 and entered with the court on January 5, 2018. (Plea Agreement at 8.)
[2] The Hudson County View attributed Fulop with the following statement: "We have been aware of this for quite some time, and we were the ones that provided the allegations to the prosecutor's office in the first place when this was brought to our attention in 2015[.]" (*See* Ex. E, ECF No. 152-2.) Plaintiff interprets this statement as proof that Fulop knew of Zacche's misconduct as of 2015. (Pl.'s Moving Br. at 3, ECF No. 152-1.)
[3] Plaintiff requested leave to file the instant motion on February 7, 2018, which Magistrate Judge Leda Dunn Wettre granted on February 9, 2018. (ECF Nos. 147, 149.)

2

are present." *Sync Labs LLC v. Fusion Mfg.*, No. 11-3671, 2016 WL 6802479, at *6 (D.N.J. Nov. 16, 2016) (quoting *Katz v. Twp. of Westfall*, 287 F. App'x 985, 988 (3d Cir. 2008)).

### III. DISCUSSION

When determining whether to reopen discovery, courts have looked to the importance of the evidence that a party seeks to include. *J.G.*, 2014 WL 1652793, at *2; *cf. Va. St. Fidelco, L.L.C. v. Orbis Prods. Corp.*, No. 11-2057, 2017 WL 2335642, at *2-3 (D.N.J. May 30, 2017) (referring to "the importance of the evidence Plaintiff[] seek[s] to include . . . [as] often the most significant factor" in the context of supplemental disclosures (internal quotation marks omitted) (quoting *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 299 (3d Cir. 2012))). Here, Plaintiff bases his motion on purportedly "new evidence" that Zacche filled out time sheets for the JCHA's off-duty program representing that he completed security shifts even though he was not on site for those shifts. (*See* Information ¶¶ 2(C)-4.) However, Zacche's guilty plea is not material or relevant to Plaintiff's CEPA claim. In Count III of his Amended Complaint, Plaintiff alleges that Defendants retaliated against him because he complained that "monies were being improperly removed from the [Jersey City Police Department's ('JCPD')] off-duty account to be used for the City's main operating budget." (Am. Compl. ¶¶ 17, 34-50, 96-101, ECF No. 21.) The Amended Complaint does not mention the JCHA's off-duty program or contain allegations that Plaintiff suffered retaliation for complaining that officers were receiving off-duty monies for "no-show" jobs.[4] Thus, Plaintiff has failed to establish how further discovery on the topic is important to his CEPA claim.[5]

Additionally, issues relating to JCPD officers' abuse of off-duty programs have been known for years.[6] Yet, Plaintiff neither amended his complaint to include such allegations, nor pursued this line of inquiry during fact discovery. Thus, the existence of off-duty employment corruption could have been discovered through reasonable diligence.

Reopening discovery at this late stage of litigation would be burdensome and prejudicial, especially in light of Plaintiff's vague and overly broad request that "Defendants produce all related documents" and that "Defendants and other witnesses sit for deposition related to these issues." (Pl.'s Moving Br. at 5, ECF No. 152-1.) The movant has not specified what information

---

[4] Furthermore, this Court notes that Plaintiff has not established that JCPD officers performing off-duty work for the JCHA were paid through Jersey City's Off-Duty account during the relevant time period.

[5] There are two additional problems with Plaintiff's request to reopen discovery and reconsider summary judgment as it relates to Fulop. First, this Court never granted Fulop summary judgment as to Count III. Plaintiff withdrew that very same claim during oral argument on July 19, 2016. (*See* Min. Entry, ECF No. 53; Pl.'s Resp. to Def.'s Mot. for Recons. at 1, ECF No. 66 (recounting procedural history).) Thereafter, this Court issued an Order on July 25, 2016, which *inter alia*, formally dismissed the CEPA claim against Fulop. (ECF No. 56.) Thus, any reconsideration or modification of the December 8th Order would not revive that claim. Second, Plaintiff has not indicated how deposing Fulop about his public comments, knowledge, and possession of documents relating to Zacche's plea could potentially establish Fulop's liability under CEPA.

[6] For example, on June 14, 2016, four JCPD officers were indicted on 103 counts in the Superior Court of New Jersey, including for falsifying off-duty program pay vouchers. (Magnelli Decl. Ex. 5, ECF No. 154-1.) From September 14, 2016 through February 2, 2018, multiple JCPD officers pled guilty to charges relating to off-duty employment. (*Id.* Ex. 17.) During that same time, numerous news outlets published articles about impropriety, disciplinary actions, and indictments related to JCPD's off-duty program. (*Id.* Exs. 5, 7, 12.)

he is requesting or the relevance thereof to his CEPA claim, particularly as it relates to Internal Affairs' investigative files.[7] Based on the foregoing, Plaintiff has not shown good cause to reopen discovery, and thus, the Motion to Reopen Discovery is denied.

Furthermore, this Court notes that Plaintiff has incorrectly labeled this motion as one for reconsideration although he is not requesting reconsideration, modification, or vacatur of the December 8th Order at this time. Rather, he is requesting the right to seek reconsideration of the December 8th Order after a period of renewed discovery.[8] Because the Motion to Reopen Discovery has been denied, the request to later seek reconsideration is moot. However, even if Plaintiff was presently moving for reconsideration, he has failed to establish that the newly-discovered evidence (i.e., Zacche's guilty plea) is material or would probably have changed the outcome of the case as to his CEPA claim. *See Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 WL 4711472, at *4 (D.N.J. Oct. 19, 2017) (explaining that Rule 60(b)(2) requires new and material evidence that could not have been discovered before trial, and that would probably have changed the outcome of the case). Therefore, Plaintiff's Motion for Reconsideration is denied.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Reopen Discovery and for Reconsideration is **DENIED**.[9] An appropriate Order follows.

    /s/ Susan D. Wigenton
    SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk
cc: Parties
    Leda Dunn Wettre, U.S.M.J.

---

[7] Plaintiff is only marginally more specific in his proposed order, which requests discovery "regarding Zacche's guilty plea, Zacche's underlying conduct, . . . Defendants' knowledge of said conduct, and the relevance of same to Plaintiff's CEPA claims." (Proposed Order, ECF No. 152-1.)

[8] Plaintiff notes that whether the newly-discovered evidence is likely to change the outcome of the December 8th Order "will only be truly known after further discovery is taken." (Pl.'s Moving Br. at 11.)

[9] Because this Court has denied Plaintiff's Motion to Reopen Discovery, his related request for leave to file a motion for sanctions "based on the scope of evidence that was not produced in discovery[,]" (Pl.'s Moving Br. at 11), is denied as moot.