UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

September 19, 2018

Mark B. Frost & Associates
Ryan Lockman, Esq.
1515 Market Street, Suite 1300
Philadelphia, PA 19102-1929
*Counsel for Plaintiff*

Brach Eichler L.L.C.
Eric Magnelli, Esq.
1010 Eisenhower Parkway
Roseland, NJ 07068-1067
*Counsel for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: **Goldrich v. City of Jersey City, et al.**
 **Civil Action No. 15-885 (SDW) (LDW)**

Counsel:

Before this Court is Magistrate Judge Leda Dunn Wettre's ("Judge Wettre") Report and Recommendation ("R&R"), dated July 25, 2018, recommending that Defendants the City of Jersey City ("Jersey City") and James Shea's ("Shea") (collectively, "Defendants") Motion for Sanctions be granted in part and denied in part. (ECF No. 175.) Plaintiff David Goldrich ("Plaintiff") and Defendants filed their respective objections on August 8, 2018 and responded to each other's objections on August 22, 2018. (ECF Nos. 176-78, 180-81.) For the reasons discussed below, Judge Wettre's recommendations are adopted in part and modified in part.

### I. STANDARD OF REVIEW

The Federal Magistrates Act, 28 U.S.C. § 631, *et seq.*, "authorizes district courts to refer nondispositive and dispositive motions to magistrate judges." *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 98-99 (3d Cir. 2017). Generally, magistrate judges may hear and decide non-dispositive matters, but must submit proposed findings of fact and recommendations to the district judge regarding dispositive matters. *See* 28 U.S.C. §

636(b)(1)(A)-(B); Fed. R. Civ. P. 72(a)-(b). However, "a magistrate judge may also utilize a report and recommendation to resolve non-dispositive motions." *Mahanandigari v. Tata Consultancy Servs.*, No. 16-8746, 2018 WL 378122, at *3 (D.N.J. Jan. 11, 2018) (citations omitted). "The standard of review of a magistrate judge's determination depends upon whether the motion is dispositive or non-dispositive." *Id.*

Parties may serve and file objections to a magistrate judge's order or recommendation within fourteen days of being served with a copy. Fed. R. Civ. P. 72(a)-(b). Subsequently, a district court may modify or set aside a magistrate judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). Motions for discovery sanctions are generally considered non-dispositive. *See Hioutakos v. SimplexGrinnell LP*, No. 10-4505, 2014 WL 1255197, at *1 (D.N.J. Mar. 26, 2014); *Wachtel v. Guardian Life Ins. Co.*, 232 F.R.D. 213, 217 (D.N.J. 2005). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co. of Wis.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations omitted). An order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). This Court conducts a *de novo* review of legal conclusions. *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

## II.     DISCUSSION

This Court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will only summarize those facts relevant to the July 25, 2018 R&R. The record reflects that during discovery, Plaintiff asserted that he was unable to produce certain documents related to his suit because his home computer had acquired a virus. (*See* R&R at 2.)[1] Following a court order to produce his laptop for forensic inspection, Plaintiff ultimately provided Defendants with a laptop that "could not have been the computer [he] used during the events giving rise to this action, . . . nor the computer [P]laintiff had used to store or transfer the evidence he had produced in this lawsuit." (*Id.* at 3; *see also id.* at 7)

In her R&R, Judge Wettre addressed whether to impose sanctions against Plaintiff for: (1) his failure to comply with a court order pursuant to Federal Rules of Civil Procedure ("Rules") 37(b) and 41; (2) spoliation of evidence pursuant to Rule 37(e); and (3) perpetrating a fraud on the Court. (*See generally id.*) Plaintiff and Defendants object to Judge Wettre's findings and recommendation as to the issue of spoliation, and Defendants further object to Judge Wettre's determination as to the issue of fraud. (Pl.'s Objections at 1, ECF No. 177-1; Defs.' Objections at 5, ECF No. 176.)

Pursuant to Rule 37(e),

---

[1] This Letter Opinion incorporates by reference the R&R's citations to the record.

2

> If electronically stored information [("ESI")] that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
>> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>>
>> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>>
>>> (A) presume that the lost information was unfavorable to the party;
>>>
>>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>>
>>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

As detailed in the R&R, Judge Wettre found that "relevant evidence was lost due to [P]laintiff's failure to take reasonable steps to preserve ESI[.]" (R&R at 14.) She also found that Defendants were prejudiced by the loss of evidence, but that they had not met their burden of demonstrating that Plaintiff intentionally spoliated the evidence. (*Id.* at 19.) Thus, she recommended "informing the jury of the loss of evidence and instructing the jury how it should consider such loss in reaching a verdict" as an appropriate sanction under Rule 37(e)(1). (*Id.* at 14, 22.)

Upon reviewing the R&R, objections, and the record, this Court agrees with Judge Wettre's recommendation to impose a curative jury instruction. However, this Court finds that an adverse-inference jury instruction pursuant to Rule 37(e)(2) is more appropriate because the circumstantial evidence strongly supports a finding that Plaintiff acted in bad faith, intentionally depriving his adversaries of ESI. Defendants' forensic computer expert James Cassidy ("Cassidy") inspected the laptop that Plaintiff produced and discovered that no files had been created or accessed in the time frame giving rise to Plaintiff's claim, *i.e.*, between September 1, 2014 and January 31, 2015. (*Id.* at 8.) In fact, the laptop had not been turned on between August 19, 2013 and August 4, 2016. (*Id.*) Contrary to Plaintiff's representations that he had transferred evidence from the laptop to two USB devices, "Cassidy determined that these drives had never interfaced with the [l]aptop" and that none of the files on the USB drives "were ever located on the [l]aptop." (*Id.* at 11-12.) Moreover, despite Plaintiff's assertions that the laptop had been infected with a virus, Cassidy testified that there was never a virus on the laptop. (*Id.* at 10.) Plaintiff has not presented anything to rebut the evidence before this Court. (*Id.* at 9.) As Judge Wettre remarked, "[P]laintiff's decision to provide a computer he never used in connection with this lawsuit essentially ensured

3

that [D]efendants would not have an opportunity to attempt to recover the lost ESI." (*Id.* at 18.) Thus, this Court finds that Plaintiff "acted with the intent to deprive" Defendants of ESI.

Having determined that Plaintiff acted with intent, this Court may, in its discretion, use the measures set forth under Rule 37(e)(2). Fed. R. Civ. P. 37(e). "The remedy should fit the wrong, and the severe measures authorized by this subdivision should not be used when the information lost was relatively unimportant or lesser measures . . . would be sufficient to redress the loss." Fed. R. Civ. P. 37(e) Advisory Committee Notes 2015. Although Defendants argue that dismissal is warranted, this Court finds that such a measure would be too severe of a sanction. The information allegedly withheld, while important, is not so central to Plaintiff's claims or so prejudicial to Defendants that an adverse-inference jury instruction would not suffice. *See Lexpath Tech. Holdings, Inc. v. Welch*, No. 13-5379, 2016 WL 4544344, at *5 (D.N.J. Aug. 30, 2016) (explaining that courts imposing spoliation sanctions consider "the degree of prejudice suffered by the opposing party" and "whether there is a lesser sanction that will avoid substantial unfairness to the opposing party") (citation omitted). Additionally, there is no evidence that Plaintiff engaged in a pattern of obstruction that would necessitate dismissal.

### III. CONCLUSION

For the reasons set forth above, Judge Wettre's R&R is adopted in part and modified in part. Judge Wettre's recommendation that this Court "order [P]laintiff to pay [D]efendants the expense of the forensic computer expert and reasonable attorneys' fees for the [Motion for Sanctions]" is adopted. (R&R at 13.) Her determination that Plaintiff did not commit a fraud upon the Court is also adopted. (*Id.* at 22-23.) As detailed above, the portion of the R&R addressing the appropriate sanctions for spoliation of evidence is modified such that curative instructions will be provided to the jury at the time of trial pursuant to Rule 37(e)(2), as opposed to 37(e)(1). An appropriate Order follows.

                                                      /s/ Susan D. Wigenton
                                                   SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk
cc: Parties
      Leda Dunn Wettre, U.S.M.J.