UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

August 7, 2019

Mark B. Frost & Associates
Ryan Lockman, Esq.
1515 Market Street, Suite 1300
Philadelphia, PA 19102-1929
*Counsel for Plaintiff*

Brach Eichler L.L.C.
Eric Magnelli, Esq.
1010 Eisenhower Parkway
Roseland, NJ 07068-1067
*Counsel for Defendant James Shea*

Corporation Counsel
Jersey City Law Department
Scott W. Carbone, Esq.
City Hall – 280 Grove Street
Jersey City, NJ 07302
*Counsel for Defendant City of Jersey City*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re:   Goldrich v. City of Jersey City, et al.
      Civil Action No. 15-885 (SDW) (LDW)

Counsel:

     Before this Court is Magistrate Judge Leda Dunn Wettre's ("Judge Wettre") Report and Recommendation ("R&R"), dated June 26, 2019, recommending that Defendants the City of Jersey City ("Jersey City") and James Shea's ("Shea") (collectively, "Defendants") Motion for Attorneys' Fees and Costs be granted in part and denied in part. (ECF No. 252.) Plaintiff David Goldrich ("Plaintiff") and Defendants filed their respective objections on July 10, 2019 and responded to each other's objections on July 24, 2019. (ECF Nos. 260-63.) For the reasons discussed below, the matter is **REMANDED** to the magistrate judge.

## I. STANDARD OF REVIEW

The Federal Magistrates Act, 28 U.S.C. § 631, *et seq.*, "authorizes district courts to refer nondispositive and dispositive motions to magistrate judges." *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 98-99 (3d Cir. 2017). Generally, magistrate judges may hear and decide non-dispositive matters, but must submit proposed findings of fact and recommendations to the district judge regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A)-(B); Fed. R. Civ. P. 72(a)-(b). However, "a magistrate judge may also utilize a report and recommendation to resolve non-dispositive motions." *Mahanandigari v. Tata Consultancy Servs.*, No. 16-8746, 2018 WL 378122, at *3 (D.N.J. Jan. 11, 2018) (citations omitted).

"The standard of review of a magistrate judge's determination depends upon whether the motion is dispositive or non-dispositive." *Id.* Non-dispositive motions decided by a magistrate judge may only be set aside by the district court if the "order is found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1). Conversely, dispositive motions heard by magistrate judges are subject to *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2). Upon review, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## II. DISCUSSION

This Court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will only summarize those facts relevant to the June 26, 2019 R&R.

On January 29, 2018, Defendants moved for sanctions pursuant to Federal Rule of Civil Procedure 37(e), which addresses potential sanctions should a party fail to preserve electronically stored information. (ECF No. 144.) By way of a Letter Opinion and Order, dated September 19, 2018, this Court adopted Judge Wettre's recommendation that Plaintiff pay Defendants the expense of their forensic computer expert and reasonable attorneys' fees for Defendants' Motion for Sanctions. (ECF Nos. 182-83.)

On March 8, 2019, Defendants filed a Motion for Attorneys' Fees and Costs, requesting an award of "$114,857.20 as reimbursement for the fees and costs they expended solely because Plaintiff violated a Court Order and spoliated evidence." (ECF No. 229-1 at 1; *see generally* ECF No. 229.) Plaintiff opposed the motion on April 15, 2019, and Defendants replied on April 22, 2019. (ECF Nos. 238, 241.) Thereafter, at Judge Wettre's direction, defense counsel filed supplemental declarations with invoices on June 10, 2019 and June 17, 2019. (ECF Nos. 248-49, 251.) On June 26, 2019, Judge Wettre issued an R&R, recommending that this Court grant in part and deny in part Defendants' motion. (ECF No. 252.) Specifically, Judge Wettre recommended an award of reasonable fees and expenses in the amount of $51,528.45. (*Id.* at 2.)

It is indisputable that this Court's September 19, 2018 Order imposed sanctions on Plaintiff by ordering him to pay Defendants the expense of their forensic expert and reasonable attorneys'

fees for Defendants' Motion for Sanctions. (ECF No. 183.) Thus, it is disingenuous for Plaintiff to now argue that "no fees or costs should be awarded at all." (ECF No. 262 at 1.) However, in order to conduct a fully informed review of Judge Wettre's recommendation that Defendants be awarded $51,528.45, this Court requires the magistrate judge to set forth in further detail all that was considered in determining that such a valuation was reasonable.

### III. CONCLUSION

For the reasons set forth above, the matter is **REMANDED** for an amplification of the magistrate judge's conclusions. An appropriate Order follows.

                                                                              /s/ Susan D. Wigenton
                                                                      SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk
cc: Parties
      Leda Dunn Wettre, U.S.M.J.