# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
**Leda Dunn Wettre**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 645-3574

**September 20, 2019**

To:   All counsel of record

### SUPPLEMENT TO REPORT & RECOMMENDATION OF JUNE 26, 2019 (ECF NO. 252)

RE:   *David Goldrich v. City of Jersey City, et al.*
**Civil Action No. 15-cv-885 (SDW)(LDW)**

Dear Counsel:

The undersigned having issued a Report and Recommendation ("R&R") dated June 26, 2019, ECF No. 252, on defendants' motion for attorneys' fees and costs, and the parties having filed objections thereto, this matter comes before the Court on remand from United States District Judge Susan D. Wigenton to "set forth in further detail all that was considered in determining" the reasonable value of fees to be awarded.   ECF No. 264.   The Court's reasoning is supplemented below.

### I.   Background

The Court presumes the parties' familiarity with the lengthy procedural history of this case and will briefly recount only the facts relevant to this supplement to its R&R.   In short, during the discovery phase of this action, defendants moved for spoliation sanctions against plaintiff, an evidentiary hearing was held, and the undersigned then recommended defendants be reimbursed by plaintiff **for two specific categories** of costs and fees.   Those categories were (1) "the expense of [defendants'] forensic computer expert"; and (2) "for the [sanctions] motion."   ECF No. 175 at 13.   The District Court, after consideration of objections from both plaintiff and defendants to that R&R, adopted the recommendation that defendants be awarded fees in those two categories.   On September 19, 2018, it ordered "Plaintiff to pay Defendants the expense of the forensic computer expert and reasonable attorneys' fees for Defendants' Motion for Sanctions."   ECF No. 183.

Defendants did not move to reduce that fee award to a sum certain until after trial.[1]   They

---

[1]   This delay in the fee application was merely a matter of timing and convenience.   There was never any prospect that the fee award could vary depending on what occurred at trial, as all activities for which fees were awarded had to do with the spoliation motion that was determined well before trial.   The only open trial issue resulting from the sanctions motion concerned what

filed their fee application in March 2019, and it was fully briefed in April 2019. The undersigned, noting in an Order of June 14, 2019 (ECF No. 248), that defendants' fee application sought fees and expenses "for activities beyond those for which fees and expenses were granted by the Court, rendering the Court unable to discern what portion of the fees sought relate to those awarded by the Court," ordered defendants' counsel to submit a certification attaching the invoices for activities relating to the two fee categories the Court had awarded – the forensic expert fees and fees related to the sanctions motion (the latter broken down into the time spent briefing the motion and preparing and participating in the evidentiary hearing on the motion).

After considering the submissions on the motion, including the supplemental declaration of defense counsel filed on June 17, 2019 (ECF No. 251), the undersigned issued an R&R recommending the following as an award of reasonable fees:

1) $17,793.45 for Computer Forensic Expert, James Cassidy, CCE;
2) $25,140.00 for legal work related to the briefing of the sanctions motion; and
3) $8,595.00 for legal work related to preparation for and participation in the evidentiary hearing, which was part of the sanctions motion.

ECF No. 252. The parties filed objections thereto and the District Court remanded this matter to provide further explanation for the fee award recommended as a result of plaintiff's spoliation of evidence. ECF No. 265.

**II.  Analysis**

The R&R recommended to the District Court that defendants be awarded a total of $51,528.45. This included an hourly rate of $150 for defense counsel and their paralegals, which the undersigned found reasonable. It also included that amount of time the undersigned found had reasonably been expended on the two categories of activity for which fees had been permitted by the District Court. The underlying rationale for those recommendations is amplified here.

The Court has a "great deal of discretion" in determining the award of fees. *Tangible Value, LLC v. Town Sports Int'l Holdings, Inc.*, Civ. No. 10-1453, (MAS) (TJB), 2014 U.S. Dist. LEXIS 162065, at *12 (D.N.J. Nov. 19, 2014) (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). In assessing a reasonable fee, the Court first determines the lodestar, which is the number of hours reasonably expended multiplied by a reasonable hourly rate. *See McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d Cir. 2009). The reasonable hourly rate is based on the "prevailing market rates in the relevant community." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). In assessing the reasonableness of the hours claimed, the Court must "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Pub. Interest Research Grp. of N.J. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995) (quoting *Hensley v. Eckerhart*, 461 U.S. at 424, 433 (1983)). Once the party seeking

---

type of adverse inference charge, if any, should be given to the jury. *See* ECF No. 183.

fees satisfies its burden of showing the reasonableness of its rates and the hours claimed, the opposing party must specify why the same are unreasonable. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 713-14 (3d Cir. 2005). Further, the lodestar calculation produces a presumptively reasonable fee, but the Court may, in its discretion, adjust the lodestar to account for the degree of success achieved. *See Hensley*, 461 U.S. at 436.

### A. The Hourly Rate Sought by Defendants For Their Attorneys and Paralegals Is Reasonable

As previously found, the hourly rate sought by defendants of $150 for each attorney and paralegal of the defense firm that worked on the spoliation motion is reasonable. The Third Circuit has instructed as follows concerning determination of a reasonable hourly rate:

> Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community. . . . The prevailing party "bears the burden of establishing by way of satisfactory evidence, 'in addition to [the] attorney's own affidavits,' . . . that the requested hourly rates meet this standard." The starting point in ascertaining a reasonable hourly rate "is the attorney's usual billing rate, but this is not dispositive."

*Maldonado*, 256 F.3d at 184-85 (internal citations omitted).

Defendants here submitted a certification explaining that each attorney and paralegal working on this matter reduced their customary fees before submitting the instant motion. ECF No. 229-2. As defendants certify, each attorney and paralegal cut their usual hourly rate, ranging from $215-$495 per hour, to $150 per hour. *Id.* ¶¶ 24-28. Given the Court's familiarity with the rates of attorneys in this region, the $150 rate is not only reasonable but below-market. That rate for the firm's paralegals is also within the reasonable range of rates for this area. *See* Community of Legal Services of Philadelphia rate chart, https://clsphila.org/about-cls/attorney-fees (finding paralegal rates to range from $160 to $230 per hour). This was the basis for the R&R's finding that defendants' rates were reasonable.

### B. The Number of Hours On Which The Recommended Award Was Based Is Reasonable

#### 1. *By Virtue of the Law Of The Case, the R&R Did Not Need To Reconsider Awarding Fees Outside The Two Categories Previously Determined By The Court To Be Appropriate*

As an initial matter, the Court notes that it based its recommendation of an award in the R&R solely on the two categories of fees the Court previously ruled was appropriate – (1) the fees of the forensic computer expert and (2) those associated with briefing and conducting the evidentiary hearing required to adjudicate the spoliation motion. This was in accordance with the District Court's September 19, 2018 Order. *See* ECF No. 183.

3

To the extent both plaintiff and defendants sought to relitigate those two fee categories in the fee application, such positions were foreclosed to them by the prior rulings of this Court. The District Court aptly recognized the impropriety of these arguments is in its Letter Opinion of August 7, 2019, and the undersigned thus need not address them at length here. ECF No. 264 at 3. Simply put, *no longer at issue* since the Court's September 19, 2018 Order (ECF No. 183) is whether fees should be assessed against plaintiff at all (which plaintiff continues to argue, see ECF No. 260-1 at 6), nor whether defendants can be awarded fees outside of the two categories of reimbursement of the forensic computer expert and for the sanctions motion that the Court ordered (which defendants continue to argue, see ECF No. 261 at 9, 12-19). That proverbial ship sailed long ago, and therefore the R&R did not specifically address these rehashed positions of the parties. The fees sought for activities outside the two categories awarded were excluded by the R&R because they were not reasonable as a matter of law given that they were outside the scope of the fee award as previously determined by the District Court in September 2018. *See* ECF No. 183.

*2. The Court Found That The Hours Expended On The Two Permitted Categories of Litigation Activity Were Reasonable*

With respect to its assessment of the reasonableness of the hours expended by defense counsel, the Court initially found that awarding counsel fees on defendants' vast and sundry litigation activity *related only peripherally* to the two categories of permissible fees was not reasonable. For instance, defendants argued that fees should be awarded on the many hours they expended on electronically stored information ("ESI") discovery that *led* to the spoliation motion and on the drafting of post-evidentiary-hearing briefs because those activities fell within a broad interpretation of the two permissible categories of fees. The undersigned declined to include these in the fee award because these activities were not in the undersigned's view fairly included within the permitted two categories of fees, but also because inclusion of them would result in an unreasonably high and therefore unduly punitive fee award. *See* ECF No. 252 at 2.

Therefore, the R&R focused on assessing the reasonableness of the three categories of activity it required defendants to delineate in the supplemental certification of June 17, 2019, ECF No. 251. These were defendants' fees and costs for (1) the "forensic expert's imaging of the laptop at issue and the expert's related analysis of such imaging"; (2) the drafting the moving and reply briefs on the spoliation motion (ECF Nos. 144 and 159); and (3) the "time spent specifically preparing for and participating in the April 20, 2019 evidentiary hearing" on the spoliation motion. ECF No. 248. The Court reviewed the invoices of activity in these three groups and found them to be reasonable for the reasons further set forth below.

First, defendants sought $19,463.45 for the work of computer forensic expert James Cassidy. The R&R recommended an award of $17,793.45, after deducting $1670 for unexplained time associated with a deposition that was cancelled. The remainder of the charges were solely for the expert's invoices for activities that were entirely devoted to unearthing plaintiff's spoliation of ESI and for participating in the evidentiary hearing on the spoliation motion. This expenditure of time appeared entirely reasonable and was within "the costs of [defendants'] forensic expert's imaging of the laptop and the expert's related analysis of such

4

imaging," ECF No. 248, the Court had found appropriate to award. Plaintiff presented nothing to the Court to convince it otherwise.

Second, defendants sought $25,140 to brief the spoliation motion. This included researching, writing, finalizing and submitting two voluminous briefs (comprising 40 and 11 pages, respectively) that cited extensively to the factual record and pertinent law. Counsels' invoices indicate that some 167.6 hours were spent on drafting these briefs in support of defendants' motion for sanctions.[2] After studying the detailed entries on defendants' counsels' invoices, the Court found these hours to be reasonable and that no redundant or excessive time was billed. Preparing the motion papers involved not only significant legal research but required defendants' counsel to become familiar with the technical field of computer forensics. Counsels' time spent applying the law to a technical field with which counsel are not expected to have prior experience was a significant task, and the number of hours expended was therefore reasonable.

Third, defendants sought $8595 for their work in connection with the evidentiary hearing. While plaintiff denigrates the expenditure of 57.3 attorney and paralegal hours to prepare for and participate in the 3.5 hour evidentiary hearing as excessive, the Court disagrees. In *Maldonado v. Houstoun*, the Third Circuit explained that:

> A reasonable fee for hours spent preparing for a legal argument should be limited to hours reasonably necessary for a lawyer to become familiarized with the facts and the law pertaining to the issue to be argued, an analysis of the opponent's argument, and questions anticipated to be posed by the court. Under the fee shifting statute, the losing party is expected to pay for hours reasonably spent in the argument and its preparation, but not for excessive hours, or hours spent in learning or excessively rehearsing appellate advocacy.

256 F.3d at 187 (finding twenty-four hours billed for a twenty-minute oral argument reasonable).

There were slated to be five possible witnesses testifying at the hearing (including plaintiff, his wife and forensic expert James Cassidy), and the subject area of the forensic examination was in some respects highly technical. Defendants' counsel had to be prepared to examine plaintiff and his wife in a number of areas, and they had to be ready to present technical testimony through their expert and prepare him for cross-examination. For every hour spent in the hearing itself, there were necessarily and reasonably many hours of preparation. The preparation resulted in the organized presentation expected by the Court at such a hearing. The Court in reviewing defendants' detailed invoices found the number of hours expended by defendants on these activities reasonable, and plaintiff presented nothing to convince it otherwise.

The Court therefore having found that the appropriate lodestar was that amount sought in defendants' supplemental certification of June 17, 2019, it considered whether there was any

---

[2] The Court arrived at this exact number of hours by dividing the $25,140 sought by the proposed hourly rate of $150.

5

reason to reduce the lodestar based on the degree of success achieved and found no such reason. Defendants established that plaintiff blatantly violated the Court's order to produce the laptop he used during the relevant period for forensic inspection; they established he instead produced a laptop that he had never even powered on for several years that included the entire relevant period at issue. This was sufficient success on the spoliation motion to justify an award of the reasonable fees directly related to uncovering and proving plaintiff's spoliation. There is no reason to reduce the lodestar for lack of success achieved without parsing the motion activities to a degree that would be unnatural, inappropriate and unjust.

### III.   Conclusion

The undersigned respectfully supplements the R&R with the foregoing for the District Court's consideration of an award of reasonable fees and costs to defendants of a total of $51,528.45 comprising the following:

1) $17,793.45 for Computer Forensic Expert, James Cassidy, CCE;
2) $25,140.00 for legal work related to the briefing of the sanctions motion; and
3) $8,595.00 for legal work related to preparation for and participation in the evidentiary hearing.

  *s/ Leda Dunn Wettre*
**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Orig: Clerk
cc:   Hon. Susan D. Wigenton
      Counsel of Record