UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

October 25, 2019

Ryan Lockman, Esq.
Mark B. Frost & Associates
1515 Market Street, Suite 1300
Philadelphia, PA 19102-1929
*Counsel for Plaintiff*

Eric Magnelli, Esq.
Brach Eichler L.L.C.
1010 Eisenhower Parkway
Roseland, NJ 07068-1067
*Counsel for Defendants*

Scott W. Carbone, Esq.
Corporation Counsel
Jersey City Law Department
City Hall – 280 Grove Street
Jersey City, NJ 07302
*Counsel for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** **Goldrich v. City of Jersey City, et al.**
**Civil Action No. 15-885 (SDW) (LDW)**

Counsel:

Before the Court is Magistrate Judge Leda Dunn Wettre's ("Judge Wettre") Supplement to Report and Recommendation ("Supplemental R&R"), dated September 20, 2019 (ECF No. 266), supplementing her Report and Recommendation ("R&R"), dated June 26, 2019. (ECF No. 252.) The R&R recommended that Defendants City of Jersey City ("Jersey City") and James Shea's ("Shea") (collectively, "Defendants") Motion for Attorneys' Fees and Costs be granted in part and denied in part. The Court remanded the matter to Judge Wettre on August 7, 2019 to amplify her conclusions, (ECF No. 264, at 3), and Judge Wettre submitted the Supplemental R&R. Plaintiff

David Goldrich ("Plaintiff") and Defendants filed their objections and responses on October 7 and 21, 2019, respectively. (ECF Nos. 269-272.) For the reasons discussed below, Judge Wettre's recommendations are adopted.

## I. STANDARD OF REVIEW

The Federal Magistrates Act, 28 U.S.C. § 631, *et seq.*, "authorizes district courts to refer nondispositive and dispositive motions to magistrate judges." *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 98 (3d Cir. 2017). Generally, magistrate judges may hear and decide non-dispositive matters, but must submit proposed findings of fact and recommendations to the district judge regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A)-(B); Fed. R. Civ. P. 72(a)-(b). However, "a magistrate judge may also utilize a report and recommendation to resolve non-dispositive motions." *Mahanandigari v. Tata Consultancy Servs.*, No. 16-8746, 2018 WL 378122, at *3 (D.N.J. Jan. 11, 2018) (citations omitted).

"The standard of review of a magistrate judge's determination depends upon whether the motion is dispositive or non-dispositive." *Id.* Non-dispositive motions decided by a magistrate judge may only be set aside by the district court if the "order is found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1). Conversely, dispositive motions heard by magistrate judges are subject to *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2). Upon review, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## II. DISCUSSION

The Court assumes the parties' familiarity with the factual background and procedural history in this matter. The Court will only summarize those facts relevant to the adoption of the Supplemental R&R.

On September 19, 2018, the Court adopted Judge Wettre's recommendation (ECF No. 175) that Plaintiff pay Defendants "the expense of the forensic computer expert and reasonable attorneys' fees for Defendants' Motion for Sanctions . . . ." (ECF No. 183; *see also* ECF No. 182.) On March 8, 2019, Defendants filed a Motion for Attorneys' Fees and Costs, requesting an award of "$114,857.20 as reimbursement for the fees and costs they expended solely because Plaintiff violated a Court Order and spoliated evidence." (ECF No. 229-1 at 1.) On June 26, 2019, Judge Wettre recommended an award of $51,528.45. (ECF No. 252 at 2.) Judge Wettre's Supplemental R&R again recommends an award of $51,528.45, comprised of the following:

1) $17,793.45 for Computer Forensic Expert, James Cassidy, CCE;
2) $25,140.00 for legal work related to the briefing of the sanctions motion; and
3) $8,595.00 for legal work related to preparation for and participation in the evidentiary hearing. (ECF No. 266 at 6.)

2

This award is appropriate and properly limited in accordance with the Court's September 19, 2018 Order. (ECF Nos. 182-83.) The additional fees Defendants seek are not within the scope of the September 19, 2018 Order, and are properly excluded. (*See* ECF No. 266, at 4; *see also* ECF No. 270, at 9-16.)

The Court declines to "heavily reduce" the fees as Plaintiff requests. (ECF No. 269, at 10.) As explained by Judge Wettre, the awarded fees are reasonable and supported by the record. The scope of the award is no longer at issue and was previously addressed by the Court, and Plaintiff essentially reiterates arguments previously raised and rejected. (*See id.* at 6-7; *see also* ECF No. 264 at 3.)

Having considered Judge Wettre's analysis and the parties' submissions, the Court finds Judge Wettre's award of $51,528.45 appropriate and reasonable.

### III. CONCLUSION

For the reasons set forth above, Judge Wettre's Supplemental R&R is adopted. An appropriate Order follows.

                                                /s/ *Susan D. Wigenton*
                                               SUSAN D. WIGENTON, U.S.D.J

Orig:  Clerk
cc:    Parties
       Leda Dunn Wettre, U.S.M.J.